U.S. DISTRICT COURT E.D. N.Y:
★ NOV 5 2007 ★
P.M. _____
TIME A.M. _____
DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

— against —

**MEMORANDUM and ORDER**
06-CR-234 (SLT)(RML)

AE SOON CHO, et al.,

                Defendants.
------------------------------------------------------------X

**TOWNES, United States District Judge:**

Arraignment on the Indictment occurred for defendants Dennis Kim and Jerry Svoronos (collectively "the defendants") on April 19, 2006. *See* Docket Entry # 28. The Indictment alleges that the defendants, who were both officers with the New York Police Department at the time, accepted bribes from their co-defendants, Ae Soon Cho and Geeho Chae, two alleged brothel owners, and in exchange provided protection to Cho and Chae's operations as well as helped steer law enforcement scrutiny to competing brothels in Queens, New York. *See* Docket entry #27 (Indictment) at ¶¶ 4, 9-14.

By motion filed April 30, 2007, Kim and Svoronos move to dismiss the indictment with prejudice arguing that their constitutional and statutory rights to a speedy trial have been violated. Docket entry # 79 (Notice of Motion).

## BACKGROUND

After their arraignment on April 19, 2006, the defendants appeared before this Court on April 24, 2006, June 2, 2006, and July 18, 2006. *See* Docket entries # 30, 32, 41, 43, 51. On April 24, 2006, this Court entered an Order of Excludable Delay, excluding April 24, 2006 until June 2, 2006 from the speedy trial clock. *See* Docket entries # 31, 33. Subsequently, the Court entered an Order of Excludable Delay excluding time between June 2, 2006 and July 14, 2006.

*See* Docket entries # 42, 44. On July 18, 2006, this Court set a briefing schedule and excluded time until the date the defendants' motions were scheduled to be fully briefed and filed by September 28, 2006. *See* Docket entries #50, 51. Per this Court's final Order of Excludable Delay, the time period between July 18, 2006 and September 28, 2006 was excluded. *See* 07/18/06 Docket entry.

The motions were not filed with the Court by September 28, 2006. Instead, the defendants filed several motions to modify the conditions of release for both defendants and the Government moved for extensions of time to respond to defendants' pretrial motion. Pursuant to this Court's Individual Rules, no motion papers shall be filed until the motion has been fully briefed. According to the defendants, they served the Government with their pretrial motions for dismissal of specific counts of the indictment and for a bill of particulars on September 27, 2006. *See* Docket entry # 80 (Declaration) at ¶ 10. Notwithstanding this Court's Individual Rules, the Government filed its response to defendants' motion to dismiss and for a bill of particulars on May 23, 2007. *See* Docket entry # 88. On June 5, 2007, defendants filed their motion to dismiss. *See* Docket entries #91-94. The Court did not receive defendants' motion to dismiss prior to the June 5, 2007 filing date.

*Motion to Dismiss on Speedy Trial Grounds*

Defendants charge the Government with violating their statutory right under the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq.* ("the Act") as well as their constitutional right to a speedy trial under the Sixth Amendment. *See* Docket Entry # 81 (Defendants' Memorandum of Law). As of the filing of this motion, the defendants state that more than a year had passed since they were arraigned on the indictment and more than nine months had passed since the last time they had appeared in Court. *Id.* The defendants attribute this delay solely to the Government's

2

failure to respond to the defendants' motion to dismiss that it had served the Government with in September 2006. *See* Docket Entry # 80 (Declaration) at ¶ 13.

The defendants urge the Court to dismiss the indictment with prejudice. *See* Docket Entry # 81 (Defendants' Memorandum of Law) at 7-8. Defendants argue that the delay in being brought to trial has prejudiced them greatly and evidences the government's indifference in prosecuting them. *Id.* at 8. Defendants state that they have been prejudiced because they are unable to work. *Id.* at 9. The defendants were demoted and assigned to desk duty. *Id.* The defendants state that they have endured irreparable damage to their careers and reputations caused by the Government's "long unanswered allegations," and anxiety and concern culminating into an impairment to mount a defense resulting from this prolonged delay. *Id.* at 9-10.

The defendants also assert that the Government has abrogated their Sixth Amendment right to a Speedy Trial. *Id.* at 10. The defendants maintain that the length of delay in their case, is "over a year" and, such lengthy delay establishes "presumptive prejudice." *Id.* According to the defendants, the Government's disregard of a briefing schedule can either be viewed as mere negligence or a deliberate attempt to engineer a tactical advantage. *Id.* at 10-11. The defendants argue that they have timely asserted their rights and "are serious about wanting a speedy trial." *Id.* at 11. The defendants do not calculate the exact number of days that have passed beyond the statutory speedy trial clock for either defendant. Instead, their brief offers the amounts of "more than 210 days" and, or "more than 150 days." *See* Docket Entry #81 (Defendants' Memorandum of Law) at 4.

The Government asserts that the time period at issue is excludable under Section 3161(h)(1)(F) of the Act. Docket Entry # 88 (Letter Brief). Section 3161(h)(F) excludes any

3

period of delay caused by any pretrial motion from the filing of the motion through the conclusion of the hearing. 18 U.S.C. § 3161(h)(F). The Government reasons that after it was served with defendants' motion in September 2006, the time until the conclusion of the hearing on this motion was excludable from the 70-day period under the Act. Docket Entry # 88 (Letter Brief) at 2 (emphasis added). In the event this Court finds a speedy trial violation, the Government urges the Court to dismiss the indictment without prejudice because the crimes charged are serious, the government did not exhibit a pattern of dilatory practice but has, instead, "demonstrated no bad faith and has been prepared for trial since the arraignment on the indictment...." *Id.* at 3, 4.

On June 28, 2007, the Government and defendant Kim appeared before this Court for Oral Argument to address the Speedy Trial Act motions. *See* Docket entry #102. I informed the Government that their belief that the motion to dismiss had been filed because the Government was served with defendants' initial motion to dismiss the indictment and for a bill of particulars was in error. Per my Individual Rules, a motion must be fully briefed before it can be filed and presented to this Court for consideration. *See* June 28, 2007 Transcript at 4. At that time only, will the motion be considered filed for the Court's consideration. Furthermore, the defendants did not file their motion to dismiss or otherwise provide a copy of their motion to the Court until June 5, 2007. I reserved decision on the speedy trial motion and instructed counsel to prepare submissions calculating the number of days that had run on the speedy trial clock since the defendants' arraignment. *See* Docket Entry # 102 (Transcript) at 6.

By letter dated June 29, 2007, defendant Kim calculated that "107 days of speedy trial time" had elapsed since his arraignment on the indictment. *See* Docket Entry # 95 (Letter). By letter dated June 29, 2007, defendant Svoronos calculated that "219 days of speedy trial time"

4

had elapsed since his arraignment on the indictment. *See* Docket Entry # 96 (Letter). According to the Government, a 24 day period beyond the 70 day speedy trial period had elapsed for both defendants. Defendant Kim objects to the Government's calculations but Svoronos filed no response to the Government's letter. *See* Docket entry # 97.

## DISCUSSION

The Speedy Trial Act mandates that a defendant be tried within 70 days of "the filing date (and making public) of the information or indictment" or from the date the defendant first appeared before the court, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). Certain periods of delay are excludable from the speedy trial clock under 18 U.S.C. § 3161(h)(1)-(7). Of relevance here, the statute excludes delay resulting from "from other proceedings concerning the defendant, including but not limited to," 18 U.S.C. § 3161(h)(1), any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). The Act also excludes "[a]ny period of delay resulting from a continuance granted by any judge" where the judge finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The list of factors a court must consider in deciding whether to grant an ends-of-justice continuance include a defendant's need for reasonable time to obtain counsel, continuity of counsel and effective preparation of counsel. *See id.* Pursuant to 18 U.S.C. § 3161(h)(7), in cases involving multiple defendants, co-defendants are governed by a single speedy trial clock, and, any delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants. 18 U.S.C. § 3161(h)(7); *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986).

5

*I.     Speedy Trial Violation*

The defendants establish that a speedy trial violation has occurred and the Court dismisses the indictment against defendants Kim and Svoronos.

a.     *April 19, 2006 to July 18, 2006*

The defendants were arraigned on the Indictment on April 19, 2006. In light of continuing plea negotiations, the Court entered two Orders of Excludable Delay covering April 24, 2006 through June 2, 2006, June 2, 2006 through July 14, 2006. Taking into consideration the defendants' and the Government's preparation of motions, this Court entered a third and final Order of Excludable Delay excluding time from July 18, 2006 through September 28, 2006. *See* 18 U.S.C. § 3161(h)(8)(A)). The day after the triggering event, here arraignment on the indictment, is the first day to be counted under the Act. *United States v. Simmons*, 763 F.2d 529, 530 n.1 (2d Cir. 1985) ("In calculating the clock's 70 days from indictment to trial, neither the date of the indictment nor the date on which a motion is filed is counted."). Because there was no proceeding or motion pending, no basis for excluding the time between April 20, 2006 and April 23, 2006, and July 15, 2006 through July 17, 2006, the four-day period and three-day period is not excluded from the Speedy Trial clock.

[7 Days Non-Excluded: 63 Remain]

b.     *September 28, 2006 to October 18, 2006*

The Government is properly in agreement with the defendants' speedy trial calculations through September 28, 2006. The Government and the defendants disagree as to which pretrial proceedings occurring after September 28, 2006 stopped the Speedy Trial clock. They differ on the impact of several Court orders issuing modified briefing schedules in response to the

defendants' and the government's motions for extensions of time.

Although neither defendants nor the Government adequately address the matter, the central issue here is whether the time period deemed necessary for the preparation of pretrial motions is properly excluded from the computation of Speedy Trial Act time. The Government disagrees with the defendants' calculation that the time between September 28, 2006 and the filing of the Government's motions for extensions of time on October 11 and October 18, 2006 should be deducted from the speedy trial calculation. Kim argues that the "periods of delay between the granting of a party's request for an extension and the newly set deadline is <u>not</u> included" in 18 U.S.C. § 3161(h)(1)(1-7). *See* Defendant Kim July 2, 2007 Letter at 1 (emphasis in original). Kim charges that the "government arrives at its number by erroneously asserting that each time a party moved for an extension of time to file their papers the speedy trial clock was stopped until the date of that extension." *Id.*

It is problematic for defendants to espouse this position. First, Kim's initial calculations take into consideration two motions filed by the Government for an extension of time. Kim gives no reason to preclude the additional motions for extensions of time; all the extensions apply to the same defense motion to dismiss the indictment for lack of federal jurisdiction and for a bill of particulars. Secondly, the Court is not required to make an "ends of justice" determination for all periods of excludable delay. The periods of delay defined in sections 3161(h)(1)-(6) are automatically excluded from the clock; they are self-executing. *United States v. Henderson*, 476 U.S. 321, 329-30 (1986).

Courts have held that the delay attributable to the preparation of pretrial motions is automatically excluded under the general language of section 3161(h)(1) which states that

7

excludable time includes "[a]ny period of delay resulting from other proceedings concerning the defendant ...." *United States v. Oberoi*, 295 F.Supp.2d 286, 295 (W.D.N.Y.)("[T]he Court holds that motion preparation time is automatically excluded from the Speedy Trial clock under § 3161(h)(1). This holding is consistent with the majority of circuit courts that have decided the issue and with the Second Circuit Speedy Trial Guidelines."). In *Oberoi*, the defendant argued that section 3161(h)(1)(F) permitted the exclusion of delay occurring only after the filing of a pretrial motion. The Court held that "preparation time is not excluded under § 3161(h)(1)(F) ..., such time [however] is automatically excluded under § 3161(h)(1)." *Id.* at 293-295; *United States v. Byrd*, 466 F. Supp. 2d 550, 553 (S.D.N.Y. 2006) ("There is no doubt that the period of the briefing of the instant motion and of its consideration by the Court qualifies for exclusion" under 18 U.S.C. § 3161(h)(1).).

On August 31, 2006, defendants filed a motion for an extension of time indicating that the Government had not provided them with a some discovery preventing defendants from moving forward. *See* Docket entry #56. On September 6, 2006, this Court granted the motion and ordered that the motion be electronically filed by October 11, 2006. *See* 09/06/2006 Order. Therefore, the speedy trial clock remained tolled between September 28, 2006 and October 11, 2006 under 18 U.S.C. § 3161(h)(1) as both defendants and the government were clearly in the process of briefing pretrial motions.

On October 12, 2006, this Court granted defendant Svoronos' October 6, 2006 motion to modify the conditions of his release. *See* Docket entry # 65. On October 11, 2006, the Government moved for an extension of time, and, on October17, 2006, this Court granted the Government's motion ordering that the motion be filed by October 25, 2006. *See* 10/17/2006 Order. On October 18, 2006, the Government again moved for an extension of time. *See* Docket

entry # 66. On October 23, 2006, defendant Kim filed a motion to modify the conditions of his release. *See* Docket entry # 67. The next day, this Court granted the Government's motion on October 24, 2006 extending the time to file the fully briefed motion until November 1, 2006. *See* 10/24/2006 Order. The Court's order granting defendant Kim's motion to modify the conditions of his release was filed on November 16, 2006. *See* Docket entry # 68. The effect of the filing of the government's and defendant's motions for extensions of time and the defendants' motions to modify the conditions of release was to stop the speedy trial clock until this Court ruled on the motions per 18 U.S.C. § 3161(h)(1)(F). Therefore, between September 28, 2006 and November 16, 2006, the speedy trial clock was tolled.[1]

[0 Days Non-Excluded: 63 Remain]

c.  *November 16, 2006 to January 11, 2007*

On December 19, 2006, defendant Kim again moved to modify the conditions of his release, *see* Docket entry # 69, and this Court granted the motion on January 11, 2007. *See* Docket entry # 70. Because there is no basis for excluding the time from November 17, 2006 to December 19, 2006, the thirty-two day period is not excluded from the Speedy Trial clock. However, the clock was tolled between December 19, 2006 and January 11, 2007 while the Court considered Kim's motion. Because there is no basis for excluding the time between the Court's January 11 Order and Kim's subsequent February 6, 2007 motion to modify the conditions of his release, this twenty-five day period is not excluded from the Speedy Trial Clock.

[57 Days Non-Excluded: 6 Remain]

---

[1] Both defendants acknowledge that their motions to modify the conditions of his release tolled the speedy trial clock. *See* June 29, 2007, July 1, 2007 Letters.

*d.     February 6, 2007 to April 11, 2007*

On February 6, 2007, defendant Kim moved to modify the conditions of his release and this Court, on March 13, 2007, granted the motion. *See* Docket entries # 71, 73. These days are excluded from the speedy trial calculation. On March 13, 2007, and March 15, 2007, defendant Svoronos moved to modify the conditions of his release, *see* Docket entries # 74, 75, and this Court granted the motion on March 27, 2007. *See* Docket entry # 77. Therefore, the time between Svoronos' motion and this Court's March 27 Order is excluded. Defendant Kim again moved to modify the conditions of his release on March 26, 2007, and this Court, on April 11, 2007, granted his application. *See* Docket entries # 76, 78.

[0 Days Non-Excluded: 6 Remain]

*e.     April 12, 2007 to April 30, 2007*

Until April 30, 2007, when the defendants filed their motion to dismiss the indictment on speedy trial grounds, the clock remained tolled. Because there is no basis for excluding the time after the Court's April 11 Order and defendants' April 30, 2007 motion, this eighteen-day period is not excluded from the speedy trial clock.

[18 Days Non-Excluded: 12 days beyond elapsed 70-day period]

Delays attributable to both Kim and his co-defendant Svoronos can be charged against the unitary speedy trial clock. The Government calculates the speedy trial violation incorrectly because they did not apply Svoronos' March 2007 motion to modify the conditions of his release to the unitary speedy trial clock. But the filing of Svoronos' motion tolled the speedy trial clock as to all defendants, meaning his codefendant Kim. Neither Svoronos nor Kim can argue that their respective rights will be violated by applying a single speedy trial clock because they have

10

yet to move for severance. *See United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986) (holding that cases involving multiple defendants are governed by a single speedy trial clock, and pursuant to 18 U.S.C. § 3161(h)(7), any delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants).

*II. Dismissal of the Indictment*

"If a defendant is not brought to trial within the time limit required ... the ... indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Because the Act has been violated, the indictment must be dismissed. The Act invests the Court with the authority to dismiss the indictments with or without prejudice. 18 U.S.C. § 3162(a)(2). Pursuant to 18 U.S.C. § 3162(2), "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter [18 U.S.C. §§ 3161 et seq.] and on the administration of justice." 18 U.S.C. § 3162(a)(2).

There is no reason to view the crimes charged as anything but serious. Defendants concede the point and characterize the Government's charges as "serious accusations of official misconduct." *See* Docket entry # 80 (Defendants' Memorandum of Law) at 8. The Government's conclusory statement that it "did not exhibit a pattern of dilatory practices" or "bad faith" all the while acknowledging "its failure to promptly file its response to defendants' motions [a]s the reason for the delay at issue" is not particularly informative. Docket Entry #88 (Letter). *United States v. Kiszewski*, 877 F.2d 210 (2d Cir. 1989). However, this Court does not conclude that the Government exhibited a lackadaisical attitude or demonstrated a pattern of dilatory practices.

11

*United States v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990) ("With respect to the circumstances leading to the dismissal and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, the court may properly take into account a demonstrably lackadaisical attitude on the part of the government attorney in charge of the case or a pattern of dilatory practices on the part of the United States Attorney's office in the district in question.") In *Giambrone*, a case the defendants rely on heavily, the district court dismissed the indictment with prejudice after noting that several courts in the Western District of New York experienced frustration due to repeated speedy trial violations caused by the United States Attorney's office in the Western District. *Id.* at 182. During Oral Argument on Svoronos's and Kim's speedy trial motion, the Government stated that it had discussed resolving the case with defendants' counsel. While this Court is discouraged with the Government's handling of the case and its inability to comply with scheduling orders or ask this Court for additional time to deal with the defendants' pretrial motions so that a speedy trial violation would not have occurred, the Court is not prepared to find that the United States Attorney acted with bad faith as the Government's delay, in some part, is due to attempts to resolve the matters without resorting to trial. The Court views no "pattern of disregard for speedy trial rights" by the Government. *Giambrone*, 920 F.2d at 181.

Moreover, the Government has served defendant with its response to defendants' motion to dismiss the indictment and for a bill of particulars. In the event of reprosecution, the potential for further delay is minor or non-existent. "The third factor -- the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, must, of necessity, also embrace the unexpressed factor of prejudice to the defendant." *United States v. Upton*, 921 F. Supp. 100 (E.D.N.Y. 1995). For the reasons detailed *supra* Part III, this Court finds that

defendants have not been significantly prejudiced to warrant dismissal of the indictment with prejudice.

*III.    Sixth Amendment Right to a Speedy Trial*

The four factors to be considered in determining whether there has been a deprivation of a defendant's constitutional right to a speedy trial are: (1) the length of the delay; (2) the reason for such delay; (3) defendants' assertion of his right; and (4) the prejudice to the defendants. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These factors "must be considered together with such other circumstances as may be relevant." *Id.* at 533. Prior to conducting this four-part analysis, courts first consider if the delay is "presumptively prejudicial." *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992) (citing *Doggett v. United States*, 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992)).

Courts have not conclusively defined "presumptively prejudicial." More than a year has passed since defendants' arraignment on the indictment. However, it is unnecessary to determine if the length of the delay is "presumptively prejudicial" because even assuming that it is, the remaining *Barker* factors do not favor Kim and Svoronos. *See Vassell*, 970 F.2d at 1164 (conducting an analysis of the *Barker* factors without concluding if the length of delay was presumptively prejudicial).

In their brief, defendants claim that defense counsel "<u>repeatedly</u> inquired of the government, both in person and by telephone, about its responsive papers but to no avail." *See* Docket entry # 80 (Declaration) at ¶ 14 (emphasis in original). Defendants also state that their "timely assertion of their rights" demonstrates how seriously they desire a speedy trial. *See* Docket entry # 81 (Defendants' Memorandum of Law) at 11. During oral argument, I noted my concern that defendants never raised any concerns about potential or actual speedy trial violations caused

13

by the Government's delay in responding to a motion. *See* June 28, 2007 Transcript at 9. Defense counsel for Kim stated that defendants preferred to communicate with the Assistant United States Attorney, her supervisor and line assistants with respect to impending speedy trial issues. *Id.* at 10-11. The Government noted that in some of those discussions, defense counsel and the Government discussed "whether or not the case could be resolved." *Id.* at 16. Defendants assert that their inaction in alerting the Court as to the government's speedy trial violation "should have no bearing on the Court's decision whether to dismiss the indictment with or without prejudice." *See* Kim July 2, 2007 Letter at 2. To be sure, the "defendant is not obligated to bring himself to trial," *Upton*, 921 F.Supp.at 103, but this Court notes that the defendants' obvious tactic here was to wait and file a speedy trial motion in an attempt to secure dismissal of the indictment. *See United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990)(The Act is not meant to "give gamesmanship priority over the practicalities of trial management.")(internal quotations omitted).

More importantly, defendants cannot establish that they have been prejudiced by the delay. The Government asserts that there is no evidence of prejudice because defendants are not detained; the Government's proof at trial is based on materials which have already been provided to defendants in discovery; any adverse employment consequences that defendants have suffered were in place before they filed their motion; and since the expiration of the 70-day speedy trial period, the defenses the defendants may choose to argue at trial remain unaffected. These arguments persuade the Court that the defendants have not been so prejudiced as to warrant a finding that their Sixth Amendment right to a Speedy Trial has been violated. In addition, the Court notes that defendants are not detained and have been permitted to travel outside the court's jurisdiction. Although the defendants have been demoted, they have not lost their positions. Indeed, Kim continues to work for the New York Police Department and Svoronos chose to

14

resign. There is no indication that Svoronos's employment was terminated against his will. The defendants' conclusory assertion that the delay complained of hampers their ability to prepare their defenses does little to establish prejudice. Without demonstrating how, or at least attempting to demonstrate how the preparation of their defense has been negatively impacted, the Court cannot draw its own conclusions.

It is ORDERED that the Indictment against Svoronos and Kim is dismissed without prejudice to reprosecution by the Government.

## CONCLUSION

SO ORDERED.
Dated: Brooklyn, New York
October 3, 2007

/s/ SLT
SANDRA L. TOWNES
United States District Judge